Rockingham Probate Court,
No. 5239.

## IN RE ABNER L. MERRILL ESTATE.

Argued December 1, 1964.
Decided December 30, 1964.

*Sanderson & Dudley* (*Mr. Thomas M. Dudley, Jr.* orally), for the trustees.

*Paul V. Brown, Jr.* (by brief and orally), for Ruth M. Dunham.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for Ann B. Messick.

LAMPRON, J. The source of this proceeding is a second codicil to the will of Abner L. Merrill in replacement of article "FOURTH" of his will.

Article "FOURTH" read as follows: "I give and bequeath to my Trustees hereinafter named and to their successors the sum of thirty thousand dollars, to invest and keep invested in real estate or some good securities, and after deducting the necessary expenses on account of the same to pay over to my

nephew Joseph W. Merrill the interest and income thereof semi-annually during his natural life, and at his decease it is my will that the money left in trust for his benefit, shall go to his children, William E. Merrill, Jeremiah H. Merrill, Mary L. Merrill and Susan E. Merrill."

The codicil after referring to the above article continues as follows: "and whereas Joseph W. Merrill has died leaving five children, now I hereby revoke said bequest and in lieu thereof I give and bequeath to my Trustees named in said will and to their successors, the sum of thirty thousand dollars ($30,000) to invest and keep invested in real estate or some good securities and, after deducting the necessary expenses on account of the same, to pay over the interest and income thereof semiannually in equal shares to the children of said Joseph W. Merrill; namely William E. Merrill, Mary L. Merrill, Suzanne E. Merrill, Jeremiah H. Merrill, and Ruth B. Merrill . . . for life.

"At the decease of any of said children, I direct that the interest of the deceased one shall go to his or her children, and in default of such children the interest shall be divided up among the remaining children of the aforesaid Joseph W. Merrill. When all of the children of the said Joseph W. Merrill are dead, it is my will that the principal sum left in trust to my Trustees shall be divided among their children and the legal representatives of any deceased child of theirs, such representatives to take the share of the parent. If the children of Joseph W. Merrill die leaving no children, then all of said Trust Fund shall revert to the residue of my Estate and be disposed of as the residue of my estate is disposed of."

William E. Merrill and Mary L. Merrill have died leaving no issue. Suzanne E. Merrill, now Suzanne M. Poulin, and Ruth B. Merrill, now Ruth M. Dunham, are living. Jeremiah H. Merrill died leaving one daughter, Priscilla M. Bailey, who died on April 13, 1961, survived by one daughter, Ann B. Messick. Up to the death of Priscilla the income of the trust had been paid equally to Suzanne, Ruth and Priscilla. Her death posed the transferred questions which follow:

"(1) Whether, by the terms of the said will and codicils, Ann B. Messick is entitled to a portion of the income from the trust created thereby?

"(2) Whether, by the terms of the said will and codicils only Suzanne M. Poulin and Ruth M. Dunham are entitled to portions of the income from said trust?"

The polestar in resolving this problem is the intention of the testator as manifested by what he said in his whole will viewed in the light of all the surrounding circumstances. *Grant* v. *Nelson,* 100 N. H. 220, 221; *Merrow* v. *Merrow*, 105 N. H. 103, 106.

A dominant characteristic of his will is that the testator was benefiting persons living at the making of it and in some instances included their children as beneficiaries.

In clause "SECOND" he established a trust in almost the identical terms he later used in the codicil before us. The income of this trust was to be paid to the children of his brother David W. Merrill and at the decease of one of them "the interest of the deceased one shall go to his or her children, and in default of such children, the interest shall be divided up among the remaining children of the aforesaid David W. Merrill."

Clause "FOURTH", previously set out in this opinion, provided for the income from the trust thereby established to be paid "to my nephew Joseph W. Merrill . . . during his natural life, and at his decease . . . the money left in trust . . . shall go to his children."

The "FIFTH" clause bequeathed the income of a trust to his nephew Charles H. Merrill and at his death the principal was to revert to the residue of testator's estate.

Clause "SIXTH" bequeathed the income of a trust to his niece, Ella M. Ilsley and at her decease the principal was to go to Abner Scott Merrill.

By other clauses in his will, testator made specific bequests to named persons, grandnephews and grandnieces.

Even the remainder of his estate was bequeathed "one-half part to Frank A. Merrill and one-half part to Harry Merrill." There was no mention in this clause of their descendants nor provisions made in case they predeceased the testator.

In the litigation before us presently, when testator's nephew Joseph W. Merrill, the life beneficiary under clause "FOURTH" of his will, predeceased him, the testator executed a codicil giving life estates in the trust to Joseph's children, by names and providing that the interest of a deceased child "shall go to his or her children."

It is evident from the above provisions and from the reading of the will and codicils as a whole that this will, which apparently disposed of a sizeable estate, was, except for trusts in favor of institutions, singularly devoid of "overtones of futuri-

ty." *Colony* v. *Colony*, 97 N. H. 386, 392; *Watson* v. *Young*, 102 N. H. 436, 438. This leads us to the conclusion that the testator manifested an intent that the income of the trust created by his second codicil was to be paid to the five named children of Joseph W. Merrill and to the survivors or survivor of them. With this exception, however, that "at the decease of any of said children, I direct that the interest of the deceased one shall go to his or her children."

We are also thereby lead to the further conclusion that when the testator provided for the substitution of children to receive the parent's share of the trust income he was using the word "children" in its ordinary meaning which does not include grandchildren. *Sylvester* v. *Newhall*, 97 N. H. 267, 271; 4 Page on Wills (Bowe-Parker Rev.) *ss.* 34.14, 34.19. See Annot. 104 A. L. R. 282; 14 A. L. R. 2d 1242.

In answer to the transferred questions we hold that by the terms of the will and codicils of Abner L. Merrill, Ann B. Messick is not entitled to a portion of the income from the trust created by the second codicil executed February 23, 1916. We further hold that only Suzanne M. Poulin and Ruth M. Dunham are presently entitled to the income from this trust.

*Remanded.*

DUNCAN, J., did not sit; the others concurred.